1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

| | |
|---|---|
| EDRIE ZENAIDA PORTO, | ) Case No. CV 12-9336 JC |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social | ) |
| Security, | ) |
| Defendant. | ) |

18   **I.    SUMMARY**

19        On November 2, 2012, plaintiff Edrie Zenaida Porto ("plaintiff") filed a

20   Complaint seeking review of the Commissioner of Social Security's denial of

21   plaintiff's application for benefits.  The parties have consented to proceed before a

22   United States Magistrate Judge.

23        This matter is before the Court on the parties' cross motions for summary

24   judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The

25   Court has taken both motions under submission without oral argument.  See Fed.

26   R. Civ. P. 78; L.R. 7-15; November 5, 2012 Case Management Order ¶ 5.

27

28

_____

    [1]Carolyn W. Colvin is substituted as Acting Commissioner of Social Security pursuant to
Fed. R. Civ. P. 25(d).

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is AFFIRMED.  The findings of the Administrative Law Judge

3    ("ALJ") are supported by substantial evidence and are free from material error.[2]

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5    **DECISION**

6         On January 11, 2010 and April 16, 2010, respectively, plaintiff filed

7    applications for Supplemental Security Income and Disability Insurance Benefits.

8    (Administrative Record ("AR") 84, 176, 180).  Plaintiff asserted that she became

9    disabled on January 31, 2009, due to spinal injury from a car accident and knee

10   problems.  (AR 176, 180, 244).  The ALJ examined the medical record and heard

11   testimony from plaintiff (who was represented by counsel) and a vocational expert

12   on March 24, 2011.  (AR 31-77).

13        On August 26, 2011, the ALJ determined that plaintiff was not disabled

14   through the date of the decision.  (AR 84-94).  Specifically, the ALJ found:

15   (1) plaintiff suffered from the following severe impairments:  degenerative disc

16   disease and degenerative joint disease with neural foraminal and central canal

17   stenosis of the lumbosacral spine, chondromalacia of the knees bilaterally,

18   diabetes mellitus with peripheral neuropathy, hypertension, strain of the left foot

19   and ankle, and obesity (AR 86-87); (2) plaintiff's impairments, considered singly

20   or in combination, did not meet or medically equal a listed impairment (AR 87-

21   88); (3) plaintiff essentially retained the residual functional capacity to perform

22   light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional exertional and

23   ///

24   ///

25

26        [2]The harmless error rule applies to the review of administrative decisions regarding
27   disability.  See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of
     application of harmless error standard in social security cases) (citing, *inter alia*, Stout v.
28   Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

1  nonexertional limitations[3] (AR 88); (4) plaintiff could perform her past relevant

2  work as a clerical receptionist and collection clerk (AR 93); and (5) plaintiff's

3  allegations regarding her limitations were not credible to the extent they were

4  inconsistent with the ALJ's residual functional capacity assessment (AR 89).

5  The Appeals Council denied plaintiff's application for review. (AR 1).

6  **III.  APPLICABLE LEGAL STANDARDS**

7  **A.  Sequential Evaluation Process**

8  To qualify for disability benefits, a claimant must show that the claimant is

9  unable "to engage in any substantial gainful activity by reason of any medically

10 determinable physical or mental impairment which can be expected to result in

11 death or which has lasted or can be expected to last for a continuous period of not

12 less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)

13 (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The

14 impairment must render the claimant incapable of performing the work claimant

15 previously performed and incapable of performing any other substantial gainful

16 employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094,

17 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

18 In assessing whether a claimant is disabled, an ALJ is to follow a five-step

19 sequential evaluation process:

20 (1)  Is the claimant presently engaged in substantial gainful activity? If

21  so, the claimant is not disabled. If not, proceed to step two.

22 ///

23

24  [3]More specifically, the ALJ determined that plaintiff: (i) could lift and/or carry 20 pounds
25 occasionally and 10 pounds frequently; (ii) could stand and/or walk for four hours in an eight-
hour workday; (iii) could sit for eight hours in two-hour increments during an eight-hour
26 workday; (iv) required the use of a cane to walk more than 100 feet; (v) could occasionally bend,
27 climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; (vi) was unable to work at
unprotected heights and with mechanical machinery; and (vii) could not climb ladders, ropes and
28 scaffolds. (AR 88).

1      (2)    Is the claimant's alleged impairment sufficiently severe to limit

2             the claimant's ability to work?  If not, the claimant is not

3             disabled.  If so, proceed to step three.

4      (3)    Does the claimant's impairment, or combination of

5             impairments, meet or equal an impairment listed in 20 C.F.R.

6             Part 404, Subpart P, Appendix 1?  If so, the claimant is

7             disabled.  If not, proceed to step four.

8      (4)    Does the claimant possess the residual functional capacity to

9             perform claimant's past relevant work?  If so, the claimant is

10            not disabled.  If not, proceed to step five.

11     (5)    Does the claimant's residual functional capacity, when

12           considered with the claimant's age, education, and work

13           experience, allow the claimant to adjust to other work that

14           exists in significant numbers in the national economy?  If so,

15           the claimant is not disabled.  If not, the claimant is disabled.

16 Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

17 Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at

18 1110 (same).

19       The claimant has the burden of proof at steps one through four, and the

20 Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262

21 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch

22 v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of

23 proving disability).

24     **B.**    **Standard of Review**

25       Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of

26 benefits only if it is not supported by substantial evidence or if it is based on legal

27 error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

28 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

1 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable

2 mind might accept as adequate to support a conclusion."  Richardson v. Perales,

3 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a

4 mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing

5 Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

6       To determine whether substantial evidence supports a finding, a court must

7 "'consider the record as a whole, weighing both evidence that supports and

8 evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v.

9 Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

10 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

11 or reversing the ALJ's conclusion, a court may not substitute its judgment for that

12 of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

13 **IV.**    **DISCUSSION**

14       Plaintiff contends a reversal or remand is warranted because the ALJ's

15 determination at step four that plaintiff could perform her past relevant work is not

16 supported by substantial evidence and is the product of legal error.  (Plaintiff's

17 Motion at 3-6).  The Court disagrees.

18       **A.**    **Pertinent Law**

19       At step four of the sequential evaluation process, the Administration may

20 deny benefits when the claimant can perform the claimant's past relevant work as

21 "actually performed," or as "generally" performed.  Pinto v. Massanari, 249 F.3d

22 840, 845 (2001).  ALJs routinely rely on the Dictionary of Occupational Titles

23 ("DOT") in determining the physical and mental demands of a claimant's past

24 work.  Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted);

25 see also 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1) (DOT is source of reliable job

26 information).  The DOT is the presumptive authority on job classifications.

27 Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).  The ALJ may also rely on

28 testimony from a vocational expert.  See, e.g., Bailey v. Astrue, 2010 WL

1  3369152, *5 (C.D. Cal. Aug. 24, 2010) ("vocational expert's testimony constitutes

2  substantial evidence to support [] ALJ's Step Four determination that plaintiff can

3  perform his past relevant work") (citations omitted).

4  　　　Although the claimant has the burden of proving an inability to perform her

5  past relevant work, "the ALJ still has a duty to make the requisite factual findings

6  to support his conclusion." Id. at 844.  To determine whether a claimant has the

7  residual capacity to perform her past relevant work, the ALJ must ascertain the

8  demands of the claimant's former work and then compare the demands with her

9  present capacity.  Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986).  In

10  finding that an individual has the capacity to perform a past relevant job, the

11  determination or decision must contain the following specific findings of fact:

12  (1) a finding of fact as to the individual's residual functional capacity; (2) a

13  finding of fact as to the physical and mental demands of the past job/occupation;

14  and (3) a finding of fact that the individual's residual functional capacity would

15  permit a return to her past job or occupation.  Social Security Ruling ("SSR") 82-

16  62.[4]

17  　　　**B.**　　**Analysis**

18  　　　Here, the ALJ's determination that plaintiff could perform her past relevant

19  work as a clerical receptionist and a collection clerk is supported by substantial

20  evidence and free of material error.

21  　　　First, the ALJ found, in pertinent part, that plaintiff retained the residual

22  functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds

23  frequently, stand and/or walk for four hours in an eight-hour workday, and sit for

24  eight hours in two-hour increments during an eight-hour workday, with no mental

25

26  　　　[4]Social Security rulings are binding on the Administration.  See Terry, 903 F.2d at 1275.

27  Such rulings reflect the official interpretation of the Social Security Administration and are
entitled to some deference as long as they are consistent with the Social Security Act and

28  regulations.  Massachi v. Astrue,  486 F.3d 1149, 1152 n.6 (9th Cir. 2007).

1  limitations.  (AR 88).  Plaintiff does not challenge these findings of fact as to

2  plaintiff's residual functional capacity.  (Plaintiff's Motion at 3-4) (citing AR 88).

3          Second, as the ALJ noted, the vocational expert testified that plaintiff's past

4  relevant job as a clerical receptionist (DOT § 237.367-038) involved semi-skilled

5  work generally performed at the sedentary exertional level, and that plaintiff's job

6  as a collection clerk (DOT § 241.357-010) involved skilled work also at the

7  sedentary level.  (AR 68-69, 93).  The vocational expert's testimony, which the

8  ALJ adopted, was substantial evidence supporting the ALJ's findings of fact as to

9  the physical and mental demands of plaintiff's past relevant work.  Bailey, 2010

10  WL 3369152 at *5.  Plaintiff does not challenge these findings.  (Plaintiff's

11  Motion at 3-5).

12          Third, substantial evidence supports the ALJ's determination that plaintiff's

13  residual functional capacity would permit a return to plaintiff's past relevant jobs

14  of clerical receptionist and collection clerk.  (AR 93).  As the ALJ determined –

15  and plaintiff does not credibly dispute – the exertional and mental demands of the

16  jobs of clerical receptionist and collection clerk (i.e., semi-skilled/skilled,

17  sedentary work)[5] do not exceed plaintiff's exertional and mental capabilities noted

18  above.  In addition, as the ALJ also found (and plaintiff does not challenge),

19  according to the DOT, the jobs of clerical receptionist and collection clerk do not

20  have postural or environmental requirements that exceed plaintiff's limitations.

21  See DOT §§ 237.367-038 (receptionist) and 241.357-010 (collection clerk).

22  Moreover, as the ALJ noted, plaintiff's past relevant work at the sedentary

23  exertional level required "limited standing and/or walking."  (AR 93); see SSR 83-

24  10 at *5 (citing 20 C.F.R. §§ 404.1567, 416.967) (sedentary work involves

26          [5]Sedentary work involves "lifting no more than 10 pounds at a time and occasionally
27  lifting or carrying articles like docket files, ledgers, and small tools," "standing or walking . . . no
more than about 2 hours of an 8-hour workday," and sitting "approximately 6 hours of an 8-hour
28  workday."  20 C.F.R. §§ 404.1567(a), 416.967(a); SSR 83-10 at *5.

7

1   "standing or walking . . . no more than about 2 hours of an 8-hour workday. . . .").

2   Therefore, it was reasonable for the ALJ to conclude that plaintiff's "[need to use]

3   a cane to walk more than 100 feet" would not preclude plaintiff from returning to

4   her past relevant work.  (AR 88, 93); cf. SSR 96-9P at *7 ("[I]f a medically

5   required hand-held assistive device is needed only for prolonged ambulation,

6   walking on uneven terrain, or ascending or descending slopes, the unskilled

7   sedentary occupational base will not ordinarily be significantly eroded.").

8           Fourth, plaintiff essentially argues that the ALJ's reliance on Social Security

9   Ruling 96-9P ("SSR 96-9P") was legal error because (1) the proposition the ALJ

10  quoted from SSR 96-9P (i.e., that the need for a hand-held assistive device

11  "ordinarily" will not erode the occupational base of "unskilled" sedentary work) is

12  "inapplicable" here because plaintiff's past relevant work was "semiskilled and

13  skilled" (i.e., not "unskilled"); and (2) the "general proposition" from SSR 96-9P

14  "does not address the specific question whether [plaintiff's] past work of

15  Receptionist and Collection Clerk could be performed in light of her need for a

16  cane for ambulation greater than 100 feet."  (Plaintiff's Motion at 4-5).  The Court

17  disagrees.  Under Social Security regulations, the minimum occupational base for

18  sedentary work includes "the full range of unskilled sedentary occupations."  SSR

19  96-9P at *4-*5 (emphasis added).  The minimum occupational base of sedentary

20  work "may be broadened," however, where the claimant has the ability to do

21  skilled or semiskilled work due to her "education or work experience."  SSR 96-

22  6P at *4.  Therefore, it was reasonable for the ALJ in this case to conclude that

23  since the need to use a hand-held assistive device for prolonged ambulation

24  generally would not erode the occupational base of unskilled sedentary work,

25  plaintiff's similar limitation (i.e., the need to use a cane to walk more than 100

26  feet) would not erode the broader occupational base available to plaintiff (who

27  could do semiskilled or skilled work).  To the extent plaintiff suggests that the

28  combination of all her limitations, including the need to use a cane for prolonged

1 ambulation, prevents her from doing any past relevant work, the Court will not

2 second guess the ALJ's reasonable determination to the contrary, even if the

3 evidence could give rise to inferences more favorable to plaintiff. <u>Robbins</u>, 466

4 F.3d at 882 (citation omitted)

5       Finally, to the extent plaintiff argues that the ALJ erred in not obtaining

6 testimony from a vocational expert on the issue of plaintiff's ability to perform her

7 past relevant work, plaintiff's argument lacks merit. Since the ALJ determined at

8 step four that plaintiff could perform her past relevant work, and therefore was not

9 disabled, the ALJ was not required to call a vocational expert. <u>See</u> <u>Crane v.</u>

10 <u>Shalala</u>, 76 F.3d 251, 255 (9th Cir. 1996) (testimony from vocational expert not

11 required where ALJ determines at step four that claimant is able to perform past

12 work); <u>Wade v. Astrue</u>, 2011 WL 4500863, *10 (E.D. Cal. Sep. 27, 2011) ("[A]t

13 step four an ALJ's determination that a claimant can perform past work need not

14 be supported by the testimony of a vocational expert.") (citations omitted); <u>see</u>

15 <u>also</u> <u>Gomez v. Chater</u>, 74 F.3d 967, 971 (9th Cir.) ("At the most, the

16 Commissioner need use a vocational expert only if there is an absence of other

17 reliable evidence of the claimant's ability to perform specific jobs."), <u>cert. denied</u>,

18 519 U.S. 881 (1996).

19       Accordingly, a remand or reversal is not warranted.

20 **V.     CONCLUSION**

21       For the foregoing reasons, the decision of the Commissioner of Social

22 Security is affirmed.

23       LET JUDGMENT BE ENTERED ACCORDINGLY.

24 DATED:   March 25, 2013

25                                        _____
                                              /s/
26                                        Honorable Jacqueline Chooljian
                                          UNITED STATES MAGISTRATE JUDGE
27

28