UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDRIE ZENAIDA PORTO,<br><br>                Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 12-9336 JC<br><br>MEMORANDUM OPINION |

## I.   SUMMARY

On November 2, 2012, plaintiff Edrie Zenaida Porto ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; November 5, 2012 Case Management Order ¶ 5.

---

[1] Carolyn W. Colvin is substituted as Acting Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d).

1    Based on the record as a whole and the applicable law, the decision of the
2 Commissioner is AFFIRMED.  The findings of the Administrative Law Judge
3 ("ALJ") are supported by substantial evidence and are free from material error.[2]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On January 11, 2010 and April 16, 2010, respectively, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 84, 176, 180).  Plaintiff asserted that she became disabled on January 31, 2009, due to spinal injury from a car accident and knee problems.  (AR 176, 180, 244).  The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on March 24, 2011.  (AR 31-77).

On August 26, 2011, the ALJ determined that plaintiff was not disabled through the date of the decision.  (AR 84-94).  Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments:  degenerative disc disease and degenerative joint disease with neural foraminal and central canal stenosis of the lumbosacral spine, chondromalacia of the knees bilaterally, diabetes mellitus with peripheral neuropathy, hypertension, strain of the left foot and ankle, and obesity (AR 86-87); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 87-88); (3) plaintiff essentially retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional exertional and

///
///

---

[2] The harmless error rule applies to the review of administrative decisions regarding disability.  See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

nonexertional limitations[3] (AR 88); (4) plaintiff could perform her past relevant work as a clerical receptionist and collection clerk (AR 93); and (5) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 89).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

///

---

[3]More specifically, the ALJ determined that plaintiff: (i) could lift and/or carry 20 pounds occasionally and 10 pounds frequently; (ii) could stand and/or walk for four hours in an eight-hour workday; (iii) could sit for eight hours in two-hour increments during an eight-hour workday; (iv) required the use of a cane to walk more than 100 feet; (v) could occasionally bend, climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; (vi) was unable to work at unprotected heights and with mechanical machinery; and (vii) could not climb ladders, ropes and scaffolds. (AR 88).

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.  Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

(9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV.   DISCUSSION

Plaintiff contends a reversal or remand is warranted because the ALJ's determination at step four that plaintiff could perform her past relevant work is not supported by substantial evidence and is the product of legal error. (Plaintiff's Motion at 3-6).  The Court disagrees.

### A.   Pertinent Law

At step four of the sequential evaluation process, the Administration may deny benefits when the claimant can perform the claimant's past relevant work as "actually performed," or as "generally" performed. Pinto v. Massanari, 249 F.3d 840, 845 (2001).  ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") in determining the physical and mental demands of a claimant's past work. Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1) (DOT is source of reliable job information).  The DOT is the presumptive authority on job classifications. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).  The ALJ may also rely on testimony from a vocational expert. See, e.g., Bailey v. Astrue, 2010 WL

3369152, *5 (C.D. Cal. Aug. 24, 2010) ("vocational expert's testimony constitutes substantial evidence to support [] ALJ's Step Four determination that plaintiff can perform his past relevant work") (citations omitted).

Although the claimant has the burden of proving an inability to perform her past relevant work, "the ALJ still has a duty to make the requisite factual findings to support his conclusion." Id. at 844. To determine whether a claimant has the residual capacity to perform her past relevant work, the ALJ must ascertain the demands of the claimant's former work and then compare the demands with her present capacity. Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986). In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain the following specific findings of fact: (1) a finding of fact as to the individual's residual functional capacity; (2) a finding of fact as to the physical and mental demands of the past job/occupation; and (3) a finding of fact that the individual's residual functional capacity would permit a return to her past job or occupation. Social Security Ruling ("SSR") 82-62.[4]

**B.    Analysis**

Here, the ALJ's determination that plaintiff could perform her past relevant work as a clerical receptionist and a collection clerk is supported by substantial evidence and free of material error.

First, the ALJ found, in pertinent part, that plaintiff retained the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for four hours in an eight-hour workday, and sit for eight hours in two-hour increments during an eight-hour workday, with no mental

---

[4] Social Security rulings are binding on the Administration. See Terry, 903 F.2d at 1275. Such rulings reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. Massachi v. Astrue, 486 F.3d 1149, 1152 n.6 (9th Cir. 2007).

limitations. (AR 88). Plaintiff does not challenge these findings of fact as to plaintiff's residual functional capacity. (Plaintiff's Motion at 3-4) (citing AR 88).

Second, as the ALJ noted, the vocational expert testified that plaintiff's past relevant job as a clerical receptionist (DOT § 237.367-038) involved semi-skilled work generally performed at the sedentary exertional level, and that plaintiff's job as a collection clerk (DOT § 241.357-010) involved skilled work also at the sedentary level. (AR 68-69, 93). The vocational expert's testimony, which the ALJ adopted, was substantial evidence supporting the ALJ's findings of fact as to the physical and mental demands of plaintiff's past relevant work. Bailey, 2010 WL 3369152 at *5. Plaintiff does not challenge these findings. (Plaintiff's Motion at 3-5).

Third, substantial evidence supports the ALJ's determination that plaintiff's residual functional capacity would permit a return to plaintiff's past relevant jobs of clerical receptionist and collection clerk. (AR 93). As the ALJ determined – and plaintiff does not credibly dispute – the exertional and mental demands of the jobs of clerical receptionist and collection clerk (*i.e.*, semi-skilled/skilled, sedentary work)[5] do not exceed plaintiff's exertional and mental capabilities noted above. In addition, as the ALJ also found (and plaintiff does not challenge), according to the DOT, the jobs of clerical receptionist and collection clerk do not have postural or environmental requirements that exceed plaintiff's limitations. See DOT §§ 237.367-038 (receptionist) and 241.357-010 (collection clerk). Moreover, as the ALJ noted, plaintiff's past relevant work at the sedentary exertional level required "limited standing and/or walking." (AR 93); see SSR 83-10 at *5 (citing 20 C.F.R. §§ 404.1567, 416.967) (sedentary work involves

---

[5]Sedentary work involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools," "standing or walking . . . no more than about 2 hours of an 8-hour workday," and sitting "approximately 6 hours of an 8-hour workday." 20 C.F.R. §§ 404.1567(a), 416.967(a); SSR 83-10 at *5.

1  "standing or walking . . . no more than about 2 hours of an 8-hour workday. . . .").
2  Therefore, it was reasonable for the ALJ to conclude that plaintiff's "[need to use]
3  a cane to walk more than 100 feet" would not preclude plaintiff from returning to
4  her past relevant work.  (AR 88, 93); cf. SSR 96-9P at *7 ("[I]f a medically
5  required hand-held assistive device is needed only for prolonged ambulation,
6  walking on uneven terrain, or ascending or descending slopes, the unskilled
7  sedentary occupational base will not ordinarily be significantly eroded.").

       Fourth, plaintiff essentially argues that the ALJ's reliance on Social Security
Ruling 96-9P ("SSR 96-9P") was legal error because (1) the proposition the ALJ
quoted from SSR 96-9P (i.e., that the need for a hand-held assistive device
"ordinarily" will not erode the occupational base of "unskilled" sedentary work) is
"inapplicable" here because plaintiff's past relevant work was "semiskilled and
skilled" (i.e., not "unskilled"); and (2) the "general proposition" from SSR 96-9P
"does not address the specific question whether [plaintiff's] past work of
Receptionist and Collection Clerk could be performed in light of her need for a
cane for ambulation greater than 100 feet."  (Plaintiff's Motion at 4-5).  The Court
disagrees.  Under Social Security regulations, the <u>minimum</u> occupational base for
sedentary work includes "the full range of <u>unskilled</u> sedentary occupations."  SSR
96-9P at *4-*5 (emphasis added).  The minimum occupational base of sedentary
work "may be broadened," however, where the claimant has the ability to do
skilled or semiskilled work due to her "education or work experience."  SSR 96-
6P at *4.  Therefore, it was reasonable for the ALJ in this case to conclude that
since the need to use a hand-held assistive device for prolonged ambulation
generally would not erode the occupational base of <u>unskilled</u> sedentary work,
plaintiff's similar limitation (i.e., the need to use a cane to walk more than 100
feet) would not erode the broader occupational base available to plaintiff (who
could do semiskilled or skilled work).  To the extent plaintiff suggests that the
combination of all her limitations, including the need to use a cane for prolonged

ambulation, prevents her from doing any past relevant work, the Court will not second guess the ALJ's reasonable determination to the contrary, even if the evidence could give rise to inferences more favorable to plaintiff. Robbins, 466 F.3d at 882 (citation omitted)

Finally, to the extent plaintiff argues that the ALJ erred in not obtaining testimony from a vocational expert on the issue of plaintiff's ability to perform her past relevant work, plaintiff's argument lacks merit. Since the ALJ determined at step four that plaintiff could perform her past relevant work, and therefore was not disabled, the ALJ was not required to call a vocational expert. See Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (testimony from vocational expert not required where ALJ determines at step four that claimant is able to perform past work); Wade v. Astrue, 2011 WL 4500863, *10 (E.D. Cal. Sep. 27, 2011) ("[A]t step four an ALJ's determination that a claimant can perform past work need not be supported by the testimony of a vocational expert.") (citations omitted); see also Gomez v. Chater, 74 F.3d 967, 971 (9th Cir.) ("At the most, the Commissioner need use a vocational expert only if there is an absence of other reliable evidence of the claimant's ability to perform specific jobs."), cert. denied, 519 U.S. 881 (1996).

Accordingly, a remand or reversal is not warranted.

## V.    CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  March 25, 2013

                                                         /s/
                        Honorable Jacqueline Chooljian
                        UNITED STATES MAGISTRATE JUDGE